EUNICE MAUD BAKER, Plaintiff, v. SARAH TERRELL et al., Defendants. W. J. BAKER et al., Appellants. CHAS. W. BROWN et al., Appellees.

**WILLS:** Partition—Purchase of Share—Advancements Charged
1 Against Share—"Hotchpot"—Who Entitled to. Whether a purchaser of the undivided share of a devisee in real estate, later sold on partition, is entitled, on division of the proceeds, to any

portion of a hotchpot (made up by charging the shares of certain devisees in said real estate with advancements, etc., treated as personalty) which would have gone to such devisee had he not sold his share, or whether the devisee is entitled to such "hotchpot" share, depends on whether the hotchpot is made up wholly or in part of a charge against the particular devisee who has sold his share and, if so, whether the "hotchpot" share exceeds the charge against the particular devisee.

PRINCIPLE APPLIED: A will charged certain shares with advancements, etc., otherwise gave six devisees all real and personal property equally. The will treated the advancements as personalty. On partition the court decreed a one-sixth interest in the land in each devisee, charged certain shares with advancements in accordance with the will and ordered said charges paid from the personalty, if any, but it seems there was none. Two devisees had in the meantime lost their shares *in the land* under sheriff's deed which was appropriately covered by the decree. Net proceeds of land were $17,850. Charges against the shares were:

| | | | |
|---|---|---|---|
| Eunice B., no charge | share | $2,975 |
| Sarah T., no charge | " | 2,975 |
| John B., charged $ 270 | " | 2,705 |
| Frank B., charged 1,600 | " | 1,375 |
| W. J. B., charged 1,267, sheriff's deed to Brown.. | " | 1,708 |
| Hanley, no charge, sheriff's deed to Webber. | " | 2,975 |

Hotchpot .........$3,137

*Held,* Webber was not entitled to one-sixth of the hotchpot, and that Hanley was.

*Held,* Brown was entitled to all of the one-sixth of the hotchpot, which would otherwise have gone to W. J. B., such share of the hotchpot being less than the charge against the share of W. J. B.

*Appeal from Wapello District Court.*—HON. F. M. HUNTER, Judge.

SATURDAY, FEBRUARY 13, 1915.

ACTION of partition. There was a decree confirming shares and ordering a sale by the referee. After the sale and report of the referee, a controversy arose over the distribu-

tion of the proceeds. The appeal is from the order of distribution and not from the decree confirming shares.—*Modified* and *Affirmed*.

*A. C. Steck* and *E. K. Daugherty,* for appellants.

*Jaques & Jaques,* for appellees, Chas. W. and Lincoln Brown, Ottumwa Savings Bank and John F. Webber.

EVANS, J.—Lewis Taylor Baker died testate in 1898 seized of the land involved herein. He left surviving him his widow and six children. By his will he devised and

1. WILLS : partition : purchaser of share : advancements charged against share: "hotchpot" : who entitled to.

bequeathed all of his estate both real and personal to his widow for life and the remainder to his six children share and share alike subject to certain charges therein stated. The parties to this case include all the children of Lewis Taylor Baker now living and representatives of one deceased. The defendants Chas. W. and Lincoln Brown appeared and claimed to be the owners under a sheriff's deed of the former share and interest of one of the heirs, W. J. Baker. Defendant J. F. Webber appeared and claimed to be the owner of the share of one of the other heirs, Minerva Hanley. The latter heir being now deceased the defendants Stater and Aiken appeared as her representatives and only heirs at law. The only controversy presented is (1) between W. J. Baker and the Browns and (2) between the heirs of Minerva Hanley and Webber. Though a controversy and trial preceded the original decree confirming shares, no appeal was ever taken therefrom by any party and no complaint is made of it now. We take such decree therefore as our starting point. By such decree the court made the following findings:

"The court further finds that at the time of the death of Lewis Taylor Baker, W. J. Baker was indebted to said

estate on four notes of $329.37 each, dated April 3, 1893. That thereafter Jane Baker cancelled said notes by a settlement between herself and W. J. Baker, March 15, 1900, and in lieu thereof took a note to herself as widow from said W. J. Baker for $634.71, with six per cent interest per annum payable annually and interest if not paid when due to draw eight per cent, and that there is at this time due on said note the sum of $1,267.00, which the court finds is a charge against the interest formerly owned by W. J. Baker in the real estate sought to be partitioned in this suit.

"Subject to said charge, the court finds that Chas. W. Brown and Lincoln Brown are the owners of an undivided one-sixth interest in the land sought to be partitioned by this suit formerly owned by W. J. Baker, and that Eunice Maud Baker who claims said interest has no right, title or interest in the same, but that she as a daughter of Lewis Taylor Baker is entitled to an undivided one-sixth thereof.

"The court further finds that Sarah Terrell is entitled to an undivided one-sixth thereof; that John Hill Baker, subject to a charge of $270, is the owner of an undivided one-sixth thereof; that Frank Douglass Baker is the owner of an undivided one-sixth of said real estate, subject to the advancement made to him by his father of $1,600.00; and that John F. Webber is the owner of an undivided one-sixth interest in said real estate.

"The court further finds that said land cannot be divided among said several parties without detriment to the value of the whole and that it ought to be sold and the proceeds divided between the respective parties entitled thereto, as herein defined. . . .

"It is further ordered, adjudged and decreed that the title of the above named parties in and to the land above named be and the same is confirmed and partition thereof is made between the said parties in the manner in which they are shown to be entitled thereto, to wit: To Eunice Maud Baker one-sixth of the net proceeds; to Sarah Terrell one-sixth

of the net proceeds; to John Hill Baker, subject to a charge of $270, is entitled to one-sixth of the net proceeds; Frank Douglass Baker, subject to an advancement of $1,600, is entitled to one-sixth of the net proceeds; and Chas. W. and Lincoln Brown, jointly, are entitled to one-sixth of the net proceeds, subject to a charge thereon of $1,267. . . ."

The decree also provided that the order of distribution should be deferred until after the sale and that such order might be made either in vacation or term time upon ten days' notice to the interested parties. The charges made against the respective interests of Frank, W. J. and John Baker were based upon the provisions of the will of the testator.

The total selling price of the land was $17,787. To this sum was added $380 rents received. From this total the expenses were deducted leaving net proceeds reported by the referee of $17,850. It would seem clear that one-sixth of this amount would represent the distribution to each owner of an unencumbered one-sixth share. It would seem equally clear that the owners of the encumbered shares would each receive the same amount less the charges against them. It will be noted that the charges against three of the shares amount to a sum total of $3,137. Under the will of the testator this sum inured in the first instance to the widow who had the right to collect the same if she so elected. Subject to the right of the widow the fund inured to the benefit of the estate and each of the testator's children became entitled to one-sixth thereof. But Webber contended that he was entitled to recover one-sixth of such amount in addition to one-sixth of the net proceeds of the sale on the ground that he had acquired all the interest of Mrs. Hanley in such real estate and that these charges were a part of the real estate. This claim was sustained by the trial court and Webber was awarded one-sixth of the net proceeds of the sale plus one-sixth of the $3,137. This was clearly erroneous. The decree confirming shares fixed Webber's share at one-sixth and no more. There

were no charges against Mrs. Hanley. The charges against
the three heirs were treated by the testator in his will as per-
sonalty. Under no circumstances could they be deemed as a
part of the real estate though they were a lien upon the real
estate. The sheriff's deed under which Webber held carried
all the interest of Mrs. Hanley in the real estate. It so pur-
ported. But it did not carry all her interest in her father's
estate nor did it purport to do so. The effect of the order of
distribution as made was to give to Webber all the remnant
of Mrs. Hanley's interest in her father's estate. He was not
entitled to it either under the terms of his sheriff's deed or
under the provisions of the original decree confirming shares.
It follows likewise that the representatives of Mrs. Hanley
were entitled to their mother's share of the personalty as
represented by the fund created by the charges referred to.

II. It will be noted from the record above set forth that
the share of W. J. Baker to which the Browns succeeded under
a sheriff's deed was subject to a charge against him of $1,267.
Baker claimed that he was entitled to segregate and take for
himself one-sixth of said fund of $3,137 notwithstanding that
his share of the real estate had passed to the Browns. On
the other hand the Browns contended that though they neces-
sarily took this share of the real estate subject to the charge
against it such charge nevertheless was the debt of Baker;
that as between him and the other share-owners the charge
against him and the credit in his favor necessarily went into
hotchpot; that the result of the hotchpot left nothing due to
Baker; that the credit to which he would otherwise have been
entitled simply operated to reduce the charge against him.
Such was the order. We think it was correct. The share of
the real estate in the hands of the Browns was never charge-
able with any greater amount than was necessary to satisfy
the provisions of the will. If Baker had continued to hold the
share the order of distribution would only have reduced the
charge against this one-sixth share by the amount of the credit
which would otherwise be due him as one-sixth of the hotch-

pot. It is to be noted further that the original decree from which no appeal was taken provided that the charges against the shares of real estate should be paid out of the personalty if any there was. This portion of the original decree is quite decisive of the controversy between the Browns and W. J. Baker. If Baker had had any balance due to him out of hotchpot over and above the charges against him and if the Browns had claimed such surplus in addition to their one-sixth of the net proceeds, an entirely different question would be presented. This is the difference between the position of Webber and that of the Browns. The order entered below will be modified as indicated in the first division hereof by reducing the amount due Webber to one-sixth of the net proceeds and by awarding one-sixth of the $3,137 to the representatives of Minerva Hanley. In other respects the decree will be affirmed. Motion of appellees to dismiss the appeal is overruled. Costs taxed to appellant W. J. Baker and appellee Webber.—*Modified* and *Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.